## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| CONTINENTAL CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Home Depot U.S.A., Inc. ("Plaintiff" or "Home Depot"), files it's Original ("Complaint") against Defendant Continental Casualty Company ("Defendant" or "CCC") as follows:

## I.
## JURISDICTION AND VENUE

1.    Plaintiff Home Depot U.S.A., Inc.  is incorporated and duly organized under the laws of the State of Delaware, and has its principal place of business in the State of Georgia.

2.    Defendant CCC Surplus Insurance Corporation is incorporated and duly organized under the laws of the State of Illinois, and has its principal place of business in the State of Illinois. CCC is licensed to and, upon information and belief, does business in the State of Texas. Pursuant to the Texas Insurance Code, CCC may be served with process by and through its designated agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3.      Because there is complete diversity between the parties the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391.

## II.
## FACTUAL BACKGROUND

5.      This action for breach of contract and declaratory judgment arises out of a dispute between Home Depot and Continental Casualty Company regarding CCC's failure to honor its obligation to defend and provide coverage to Home Depot for claims asserted against it in the lawsuit styled *Ernesto Deleon v. Home Depot U.S.A., Inc.*; Cause No. 2016CCV-61572-1; in the County Court at Law No. 1, Nueces County, Texas (the "Lawsuit"). A true and correct copy of Ernesto Deleon's First Amended Original Petition ("Amended Petition") is attached as Exhibit "A."

6.      In the Amended Petition, Deleon alleges that while shopping at a Home Depot store located at 4038 South Port Avenue, Corpus Christi, Texas 78415 on June 12, 2015, he sustained injuries when he slipped and fell on a puddle of water on the floor that had leaked from the roof of the store.  *See* Amended Petition, Exhibit "A", at ¶ 12.

7.      Deleon further alleges that at the time of his incident, the roof was being repaired or had been negligently repaired by Merit Roofing Systems, Inc. ("Merit"). *See* Id. at ¶ 12. Deleon further alleges that Merit had contracted with Home Depot to fix the leaking roof, that Merit failed to repair the roof in a reasonably safe manner, and that Merit failed to timely discover, adjust, and/or remove the leaking portion of the roof and ceiling so as to prevent rain water from leaking onto the floor and to not cause harm to Deleon. *See* Id. at ¶¶ 12, 21-24.

8.      In the Amended Petition, Deleon also seeks to establish liability on the part of Home Depot for Merit's actions in failing to discover and remove the water on the floor that had

leaked from the roof that Merit had negligently repaired in the course of its contractual agreement, thereby causing Deleon to fall and sustain injuries. *See* Id. at ¶ 18. Plaintiff therefore specifically asserts claims against Home Depot that arise out of services performed for Home Depot by Merit, and arise out of injuries to Plaintiff allegedly caused by Merits' negligent acts and/or omissions in connection with providing those services.

9.      Merit performed such repair and maintenance services for Home Depot at the store pursuant to that certain Maintenance Services Agreement between Home Depot and Merit, dated as of July 2, 2010 (the "Services Agreement"),.

10.     Pursuant to the terms and conditions of the Services Agreement, Merit agreed, among other things, to indemnify and hold harmless Home Depot for any claims arising from Merit's negligent acts or omissions.

11.     The Services Agreement also obligates Merit to carry specific levels of liability insurance under a qualifying policy with certain coverage and minimum limits requirements to protect both Home Depot and Merit in the event of claims such as those being asserted in the Lawsuit.

12.     The Services Agreement further required Merit to name Home Depot as an additional insured under its insurance policy and, on information and belief, Merit carries a commercial general liability policy with Defendant, pursuant to which Home Depot is named (and qualifies) as an "additional insured," thus affording Home Depot all of the privileges and legal remedies available to Merit under the policy.

13.     As an additional insured under the insurance policy, Home Depot is entitled to coverage with respect to claims and allegations that arise out of services provided by Merit to Home Depot pursuant to the terms and conditions of the Services Agreement.

14.     Home Depot made written demand upon Merit to provide Home Depot with a defense and indemnity against Deleon's claims asserted in the Lawsuit pursuant to the indemnity provision of the Services Agreement.

15.     Home Depot also made written demand to CCC to honor and perform its duty to defend and provide liability coverage to Home Depot in connection with the claims asserted against it by Deleon in the Lawsuit. CCC has failed to accept and honor its obligations to defend and cover Home Depot in connection with the Lawsuit.

16.     All conditions precedent to bringing this breach of contract and declaratory judgment action have been satisfied.

### III.
### CLAIMS FOR RELIEF

17.     CCC has breached its obligation to provide coverage and a defense to Home Depot in the Lawsuit. Accordingly, Home Depot seeks all damages caused thereby which are recoverable by law, as well as a declaration that CCC has owed, and continues to owe, a duty to defend Home Depot in the Lawsuit pursuant to the terms and conditions of the commercial general liability insurance policy, including any endorsements, under which Home Depot is designated as an additional insured. As a result of CCC's breach of contract, Home Depot has had to retain legal counsel for defense in the Lawsuit, and has incurred necessary attorneys' fees and costs in connection with that defense. Accordingly, Home Depot seeks recovery for all damages caused by such contractual breach.

18.     In addition, Home Depot has also been forced to incur legal fees and expenses in connection with enforcing CCC's obligations to defend and cover Home Depot in the Lawsuit, and in connection with the pursuit of this action for breach of contract and declaratory judgment.

Accordingly, Home Depot seeks recovery of those reasonable and necessary attorneys' fees, costs and expenses incurred. Presentment of demand has been made as required by law.

## IV.
## DAMAGES

19.     Home Depot respectfully requests that the following damages be considered for the purposes of determining the sum of money that Home Depot is entitled to recover from CCC: (a) the amount of damages, if any, awarded to the Plaintiff by the trier of fact against Home Depot in the Lawsuit; (b) Home Depot's court costs, reasonable expenses, and reasonable and necessary attorneys' fees incurred in defending the allegations brought against it in the Lawsuit; (c) Home Depot's court costs, reasonable expense and reasonable attorneys' fees incurred by Home Depot to enforce its rights to a defense and to prosecute its claims for breach of contract and for declaratory judgment; and, (d) Home Depot's actual damages resulting from the conduct of CCC as described herein.

## V.
## JURY DEMAND

20.     Home Depot requests a jury on all issues triable to a jury.

## VI.
## PRAYER AND CONCLUSION

Based on the foregoing, Home Depot prays that upon final trial and hearing, Home Depot take judgment against Continental Casualty Company for its actual damages as set forth herein, together with interest on the judgment at the legal rate, prejudgment interest, costs of court, reasonable attorneys' fees and for such other relief, both general and specific, whether at law or in equity, to which Home Depot may be justly entitled.

Respectfully submitted,


By:     */s/  Arthur K. Smith*
       Arthur K. Smith
       State Bar No. 18534100

       LAW OFFICES OF ARTHUR K. SMITH,
       a Professional Corporation
       507 Prestige Circle
       Allen, Texas 75002-3419
       Telephone:  469/519-2500
       Facsimile:  469/519-2555
       asmith@aksmithlaw.com

       **ATTORNEYS FOR PLAINTIFF**
       **HOME DEPOT U.S.A., INC.**

# Exhibit "A"

CAUSE NO.  2016-CCV-61572-1

| | | |
|---|---|---|
| ERNESTO DELEON, | § | IN THE COUNTY COURT |
| *Plaintiff* | § | |
| V. | § | |
| | § | AT LAW NUMBER  1 OF |
| HOME DEPOT USA,  INC. D/B/A | | |
| THE HOME DEPOT AND | | |
| MERIT ROOFING SYSTEMS, INC., | § | |
| *Defendants* | | NUECES COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ERNESTO DELEON, Plaintiff, complaining of and about HOME DEPOT USA, INC., D/B/A THE HOME DEPOT and MERIT ROOFING SYSTEMS,  INC., Defendants, and for cause of action would show unto the Court the following:

### NOTICE PURSUANT TO RULES 47 AND 169 OF
### THE TEXAS RULES OF CIVIL PROCEDURE

1.      Only monetary relief not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees is being sought.

### PARTIES AND SERVICE

2.      Plaintiff, ERNESTO DELEON, is an individual who resides in Corpus Christi, Nueces County, Texas and whose last three digits of his Social Security Number are 710.

3.      Defendant, HOME DEPOT USA, INC., D/B/A THE HOME DEPOT, is a corporation operating in the state of Texas and who may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Travis County, Texas  78701. Defendant has been served and has answered.

4.      Defendant, MERIT ROOFING SYSTEMS, INC., is a corporation operating in the state of Texas and who may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Roger Claxton, 10000 North Central Expressway, Suite 725, Dallas, Dallas County, Texas 75231. Service of said Defendant as described above can be effected by certified mail.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      This Court has jurisdiction over Defendants, because said Defendants purposefully availed the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over HOME DEPOT USA, INC., D/B/A THE HOME DEPOT  and MERIT ROOFING  SYSTEMS, INC., will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Plaintiff would show that Defendants, HOME DEPOT USA, INC., D/B/A THE HOME DEPOT and MERIT ROOFING  SYSTEMS, INC. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

8.      Furthermore, Plaintiff would show that Defendant HOME DEPOT USA, INC., D/B/A THE HOME DEPOT and MERIT ROOFING  SYSTEMS, INC., engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants recruit or have recruited Texas residents for employment inside or outside this state.

9.      This Court has personal jurisdiction herein because Defendants are registered business entities in Texas.

10.     Venue in Nueces County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11.     At all times material hereto, Defendant, HOME DEPOT USA, INC., D/B/A THE HOME DEPOT was the owner of the premises located at 5041 South Padre Island Drive, Corpus Christi, Nueces County, Texas.

12.     This lawsuit arises from injuries Plaintiff sustained on the premises of Defendant HOME DEPOT USA, INC., D/B/A THE HOME DEPOT on or about June 12, 2015 while Plaintiff was an invitee on property controlled by the Defendant.   The incident occurred while Plaintiff was shopping in Defendant's store located at 4038 South Port Avenue, Corpus Christi, Texas 78415. Plaintiff was following a Home Depot employee through the store when he slipped and fell on a puddle of water on the floor that was leaking from the roof.   At the time of incident, the roof was being repaired or had been negligently repaired by Defendant, MERIT ROOFING SYTEMS, INC.. As a result of the fall, Plaintiff sustained injuries to back, hips, right knee, left buttock and left rib.

## LIABILITY OF DEFENDANT, HOME DEPOT USA, D/B/A THE HOME DEPOT INC.

13.     Plaintiff realleges paragraphs 11 and 12 and incorporates them by reference as if fully set forth herein verbatim.

14.     At all times mentioned herein, HOME DEPOT USA, INC. had such control over the premises in question that HOME DEPOT USA, INC. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15.     At all times material hereto, a dangerous condition existed on the Defendant , HOME DEPOT USA, INC., D/B/A THE HOME DEPOT 's premises which was the proximate cause of the

3

injuries, specifically Defendant's leaking roof caused there to be a puddle of water on the floor and

Defendant failed to adequately warn customers of the unsafe condition created by that puddle.

     16.     Defendant, HOME DEPOT USA, INC., D/B/A THE HOME DEPOT had actual or

constructive knowledge of the condition just described on its premises as Defendant at all times had

control of its floor and roof, Defendant knew that it had been raining on June 12, 2015, Defendant

had contracted with Merit Roofing Systems, Inc. to fix the leaking roof, and Defendant's employee

lead Plaintiff past the puddle without warning him that it was there.

     17.     The condition just described posed an unreasonable risk of harm to ERNESTO

DELEON and others in that there was such a probability of a harmful event occurring that a

reasonably prudent person would have foreseen that the event that did occur or some similar event

was likely to happen.

     18.     The negligent, careless or reckless acts and omissions of Defendant HOME DEPOT

USA, INC., D/B/A THE HOME DEPOT consisted of the following:

     A.     In failing to properly inspect and maintain the store;

     B.     In failing to maintain the store in a reasonably safe manner;

     C.     In failing to timely discover and remove the puddle from its floor so as to not cause harm to customers as occurred to Plaintiff;

     D.     In failing to timely discover, adjust and/or remove the leaking portion of the roof and ceiling as to not cause harm to customers as occurred to Plaintiff;

     E.     In failing to give adequate and caution warning signs to Plaintiff and customers of the puddle on the floor;

## RESPONDEAT SUPERIOR

     19.     At all times material hereto, all of the agents, servants, and/or employees for

Defendant, HOME DEPOT USA, INC., D/B/A THE HOME DEPOT, who were connected with the

occurrence made the subject of this suit, were acting within the course and scope of their

employment or official duties and in furtherance of the duties of their office or employment.

Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## LIABILITY OF DEFENDANT, MERIT ROOFING SYSTEMS, INC.

20.    Plaintiff realleges paragraphs 12 and incorporates it by reference as if fully set forth herein verbatim.

21.    Defendant, MERIT ROOFING SYSTEMS, INC. was contracted to fix the leaking roof.

22 .    At all times material hereto, Defendant, MERIT ROOFING SYSTEMS, INC., owed a duty to the Plaintiff to avoid creating dangerous conditions while repairing or failing to adequately repair the roof.

23.    MERIT ROOFING SYSTEMS, INC. breached the duty which proximately caused Plaintiff's injury.

24.    The negligent, careless or reckless acts and omissions of Defendant, MERIT ROOFING SYSTEMS, INC., consisted of the following:

A.    In failing to properly repair the roof;

B.    In failing to repair in a reasonably safe manner;

C.    In failing to timely discover, adjust  and/or remove  the leaking portion of the roof and ceiling as to not cause harm to customers as occurred to Plaintiff

## RESPONDEAT SUPERIOR

25.    At all times material hereto, all of the agents, servants, and/or employees for MERIT ROOFING SYTEMS, INC,  who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## PROXIMATE CAUSE

26.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, ERNESTO DELEON

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, ERNESTO DELEON was caused to suffer injuries to his neck, back, right hand and left ankle, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ERNESTO DELEON has incurred the following damages:

A.     Reasonable medical care and expenses in the incurred by Plaintiff, ERNESTO DELEON for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were incurred;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Mental anguish in the past;

E.     Physical pain and suffering in the future;

F.     Mental anguish in the future;

G.     Physical impairment in the past;

H.     Physical impairment which, in all reasonable probability, will be suffered in the future.

22.     Plaintiff seeks damages within the jurisdictional limits of this Court, not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS. This will include all medical bills

incurred, past and future pain and suffering, past and future mental anguish and will also include pre-

judgment interest and post-judgment interest.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ERNESTO DELEON respectfully

prays that the Defendant, HOME DEPOT USA, INC., D/B/A  THE HOME DEPOT  and MERIT

ROOFING SYTEMS, INC., be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount not to

exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, with pre-judgment interest (from

the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment

interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

entitled at law.

Respectfully submitted,

**LAW OFFICES OF WILLIAM BONILLA, P.C.**

**JEFFREY J. GRIME,** SBN# 24041012
2727 Morgan Avenue
Bonilla Plaza, Third Floor
Corpus Christi, Texas  78405
O:  361.882.8284
F:  361.881.1031
E:  jeff@bonillalaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on January 25, 2017, a true and correct copy of Plaintiff's First Amended

Original Petition has been served in accordance to the Texas Rules of Civil Procedure to:

Arthur K. Smith
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, TX 75002
*Via Email/asmith@aksmithlaw.com*

**JEFFREY J. GRIME**